CLARK *against* GRAYSON.

ERROR *to Hempstead Circuit Court.*

*No* valid judgment can be pronounced against any party, unless he first have notice, either actual or constructive, of the proceeding against him.

The record in this case states that at the October Term of the Circuit Court, 1837, *Grayson* moved the court for a judgment against *Clark* for the sum of $125 14½ cts., paid by him as his security, to one Abraham Block, in recognizance of appeal from a judgment of Justice of the Peace to the Circuit Court, and judgment was accordingly entered against him for the above amount, with interest thereon at the rate of ten per cent. per annum from the 24th day of May, 1835, until paid, and also the costs of the motion.

TRIMBLE, for plaintiff in error:

There is no law authorizing the proceedings as they are exhibited by the record in this case. By the 34th section of the law, title Justices of the Peace, *Steele and McCamp. Digest, p.* 362, where the security in a recognizance of appeal pays the money, it shall be so returned on the execution, and that shall be a judgment of record on which an execution may issue; but the plaintiff in the court below had no right to tax the defendant in this case with the cost of the motion and judgment.

If the plaintiff in the court below had a right to proceed by motion, the defendant had a right to notice of the time and place of making said motion. *Hardin* 181; 1 *J. J. Marshall,* 12, 13; *Hardin,* 564, 565, 566.

PIKE, *Contra:*

The plaintiff in error contends, first, that there was no law in force when this proceeding was had, which authorized it, and therefore the Circuit Court had no juricdistion, and the proceedings were *coram*

*non judice;* and second, that in any event, the Circuit Court could enter no judgment on motion, where notice had not been given to the opposite party.

By section 34 of the law concerning Justices of the Peace, as arranged in the Territorial Digest, p. 352, and which is part of the act of Missouri Territory, approved Dec. 20, 1818, where judgment is given, and execution issues, from the Circuit Court, upon an appeal thereto from a Justice of the Peace, against the appellant and his security in appeal, the officer levying the execution is to specify in his return on the writ, by whom and how the execution is satisfied; and it was provided that the amount so paid by the security *should* be taken and considered a debt of record in his favor against the principal, and that the security might therein, as in other cases of debts of record thereupon sue out his execution, &c.

In what way could this execution be obtained? How could the debt be placed in the attitude of a debt of record?· Could the execution issue, merely upon the return of the Sheriff on the original execution; and was the Clerk authorized, upon the Sheriff's return that the debt was paid by the security, to issue execution in favor of the security against the principal?

On the other hand, was it not necessary, that after the security had paid the debt, he should make it appear upon the record of the court that he had done so, and upon that being shown and made of record, issue his execution? The return of the Sheriff is made by the law conclusive. No evidence could be admitted to impeach it; and when he had returned that the security had paid the debt, the amount so paid was to be held a debt of record. Is there any thing in the law which prevented the security from asking of the court, at the same time producing to them the Sheriff's return, and showing that he had paid the debt, that the fact of payment, and the legal consequences therefrom arising, should be made of record? It was clearly unnecessary for the Circuit Court to have formally rendered a judgment against the principal in favor of the security; because the matter then transacting could not legitimately be considered as a proceeding against the principal; but merely an exparte entry upon the record, by the security, of a fact which he had the

Clark *against* Grayson.

right by law to place upon the record, without giving the principal any notice thereof whatever. And if the court, after placing upon its record the fact, which upon the Sheriff's return they were bound on application of the security to do, that the security had paid the debt, saw fit also to declare upon the record that the amount so paid should be taken as a debt of record, or in other words, give judgment for the amount, the court merely did an unnecessary act, by determining what the law had already determined. The judgment was merely surplusage, because upon its being made of record that the security had paid the debt, he was entitled, without a judgment, to his execution. And we do not see upon what ground it can be contended that the court could not declare the legal consequence of facts apparent on the record; or render a judgment where the law had declared that there should be one. In declaring that the amount paid by the security should be taken and considered as a debt of record, no provision is made for notice to be given to the principal. If execution was to issue by the action of the Clerk, upon the Sheriff's return merely, certainly no notice was to be given to the principal.

That the security here had paid the debt, appears on the record. As a matter of course, such being the fact, he was entitled, either with or without the action of the court, to his execution. That is all which he can obtain by his judgment. By it he receives no more than the law entitles him to—the court has done no more than to enforce a right which the law gave him. He was entitled to his execution, without giving any notice to the principal, and we cannot conceive how it can be error for a court to have ordered, or given authority to, its Clerk, to do that which he was in any event bound by law to do.

DICKINSON, *Judge*, delivered the opinion of the court:

The only question is as to the legality of the judgment. The record simply shows the motion, and that the judgment was entered in conformity to the application of the party, and appears to be predicated on the 34th section of the act regulating the proceedings before Justices of the Peace, as contained in *McCampbell's and Steele's Dig.*, *p.* 362, which provides that " in all cases of appeal or certio-

Clark *against* Grayson.

rari from Justices of the Peace, by existing laws on those subjects, if the judgment of the Justice be affirmed, or judgment given on a trial upon the merits *de novo*, in the Circuit Court, judgment shall be given, and execution issue not only against the original defendant or defendants in the suit before such Justice, but also against his or their security or securities in the appeal bond, or bonds, to prosecute such certiorari; and the amount of such judgment with costs, shall be levied by the Sheriff or proper officer on the estate, real or personal, of such security or securities in case the original party does not, or cannot, satisfy the said judgment. And the Sheriff, or proper officer, shall specify, in his return of the writ, how and by whom such execution shall have been satisfied; provided that the amount satisfied and paid by such security or securities shall be taken and considered a debt of record in his or their favor against any such principal debtor or debtors. And such security or securities may, as in other cases of debt of record, thereupon sue out execution against the property, real or personal, of such principal debtor or debtors." There is no evidence that any notice, either actual or constructive, was given to Clark, or that he waived it by personal appearance. The filing of the motion was the first and only step taken previous to judgment. It was decided at last term of this court, in the case of *Webb vs. Estill*, that a party must have notice, either actual or constructive, before a judgment can be legally and rightfully entered against him. This doctrine we consider supported by every principle of justice, and too well established to admit of a doubt of its correctness. From the state of the case as presented to us on the record, we are of opinion that the court below erred in permitting judgment to be entered against Clark, and therefore ought to be reversed with costs.